UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-cv-24598

RICARDO LUPERON-GARCIA,
And other similarly situated individuals,

    Plaintiff,

vs.

MEXICAN GASTRONOMY
INTERNATINOAL, LLC
and ALBERTO CINTA

    Defendants.
_____/

**DEFENDANT ALBERTO CINTA'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant Alberto Cinta ("Cinta"), by and through his undersigned counsel, hereby gives notice that the civil action identified as *RICARDO LUPERON-GARCIA v. MEXICAN GASTONOMY INT., LLC AND ALBERTO CINTA, Case No. 16-008420-CA-01*, currently pending in state court in the 11th Judicial Circuit, in and for Miami-Dade County, Florida ("11th Judicial Circuit"), is removed to this Court without waiving any rights to which Defendant may be entitled, and states:

**I.  REMOVAL IS TIMELY**

1. On or about April 4, 2016, Plaintiff commenced this action against Defendants Mexican Gastronomy International, LLC ("Mexican Gastronomy") and Alberto Cinta ("Cinta") in the 11th Judicial Circuit. On August 12, 2016 Mexican Gastronomy's registered agent received, through service, a copy of the initial pleading setting forth the claim for relief upon which this action is based. *See* RETURN OF SERVICE FOR MEXICAN GASTRONOMY, attached hereto as Exhibit "A."

1

2.	Prior to making an appearance hereunder, Defendant Cinta **had not received,** through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based.  *See* RETURN OF NON-SERVICE FOR ALBERTO CINTA, attached hereto as Exhibit "B."

3.	Pursuant to 28 U.S.C. §1446(b)(2)(B), this Notice of Removal is timely because it is filed within thirty (30) days after Defendant appeared in this action and received a copy of the initial pleading setting forth the claim for relief upon which the above-captioned cause is based. *See Hart v. Yamaha–Parts Distributors, Inc.*, 787 F.2d 1468, 1471 (11th Cir.1986) (holding that one may voluntarily subject oneself to the court's jurisdiction by making an appearance or participating in the action in a manner that has the effect of an appearance); *see also Holloway v. Select Hotels Group, LLC*, 808-CV-1208-T-33TBM, 2008 WL 4534135, at *3 (M.D. Fla. Oct. 7, 2008) ("It is axiomatic that a defendant who receives a copy of the complaint prior to legal service upon him may file his petition for removal then. Lack of service is not a bar to removal.").

4.	Pursuant to 28 U.S.C. §1446(b)(2)(C), Defendant Mexican Gastronomy consents to the removal of this action even though it "did not previously initiate . . . removal."

## II.	REMOVAL BASED ON FEDERAL QUESTION JURISDICTION IS PROPER

5.	Pursuant to 28 U.S.C. §1331, this is a civil action brought in a state court of which the district courts of the United States have original jurisdiction because Plaintiff has alleged a violation of federal law in his Complaint. *See* PLAINTIFF'S COMPLAINT, attached hereto as Exhibit "C." Plaintiff has pled that he is entitled to recover from Defendants unpaid overtime wage compensation in violation of the Fair Labor Standards Act, 29 U.S.C § 201, *et seq*.  Accordingly, removal of this action is proper under 28 U.S.C. §1441 because the civil action arises under the laws of the United States.

**III.     REMOVAL TO THE SOUTHERN DISTRICT OF FLORIDA IS PROPER**

6. Pursuant to 28 U.S.C. §1446(a), the United Stated District Court for the Southern District of Florida, Miami Division ("Southern District of Florida") is the judicial district and division embracing the 11th Judicial Circuit, where this case was brought and is pending, and is therefore the proper district court and division to which this case must be removed.

**IV.     ALL REQUIREMENTS NECESSARY FOR REMOVAL HAVE BEEN MET**

7. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders which have to date been served upon Defendant are attached hereto as Exhibits "A, B, & C."

8. Pursuant to Local Rule for the Southern District of Florida 7.2, any pending motions, and all documents previously filed in support thereof, are attached hereto as Exhibit "D."

9. Pursuant to 28 U.S.C. §1446(d), promptly after the filing and service of this Notice of Removal, Defendant's Notice to Plaintiff of Removal will be served upon attorney for Plaintiff via email:  Anthony M. Georges-Pierre, Esq., 44 West Flagler Street, Suite 2200, Miami, FL 33130, agp@rgpanttorneys.com.

10. Further, pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal, along with Defendant's Notice of Removed Action, will be filed with the Clerk of the Court for the 11th Judicial Circuit.

WHEREFORE, Defendant respectfully gives notice of the removal of this action currently pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida.

Dated November 2, 2016.

        Respectfully submitted,

        **CONSTANGY, BROOKS, SMITH, & PROPHETE, LLP,**

        */s/ Devand A. Sukhdeo*
        Devand A. Sukhdeo (Fla. Bar No. 126977)
        *dsukhdeo@constangy.com*
        Jennifer M. Moore (Fla. Bar No. 092011)
        *jmoore@constangy.com*
        Fabian A. Ruiz (Fla. Bar No. 117928)
        *fruiz@constangy.com*
        1801 NE 123th St., Suite 314
        North Miami, Florida 33181
        Telephone: (786) 629-6055
        Facsimile: (786) 629-6070
        *Counsel for Defendants*

CASE NO. 1:16-cv-24598

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2016 I caused to be served, a true and correct copy of the foregoing document via electronic mail upon the following counsel of record:

Anthony M. Georges-Pierre, Esq.
E-mail: *agp@rgpanttorneys.com*
Anaeli C. Petisco, Esq.
E-mail: *apetisco@rpgattorneys.com*
Rainier Regueiro, Esq.
E-mail: *rregueiro@rgpanttorneys.com*
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
*Counsel for Plaintiff*

    Respectfully submitted,

    **CONSTANGY, BROOKS, SMITH, & PROPHETE, LLP,**

    */s/ Devand A. Sukhdeo*
    Devand A. Sukhdeo, Esq.